UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO.   1:12-CR-581 |
| Plaintiff/Respondent, | : | 1:13-CV-2475 |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 41, 45, & 46] |
| JOSE ALBERTO ESPINOZA-DE LA O, | : | |
| | : | |
| Defendant/Petitioner. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Defendant Jose Alberto Espinoza-De La O moves, *pro se*, to vacate the sentence the Court imposed after he pled guilty to illegal re-entry after deportation.[1] Espinoza-De La O says that (1) his counsel was ineffective for failing to secure a four-level downward departure for his agreement to participate in the Fast Track Program and (2) says Espinoza-Defendant Lawyers O was denied equal protection and due process when the Court did not apply the four-level downward departure for his agreement to participate in the Fast Track Program.[2] The United States opposes Espinoza-De La O's motion.[3] For the following reasons, the Court **DENIES** Defendant Espinoza-De La O's motion.

**I. Factual and Procedural Background**

On February 26, 2013, Defendant Espinoza-De La O pled guilty to illegal reentry after

---

[1] Doc. 41.
[2] *Id.*; Doc. 46.
[3] Doc. 45.

Case No. 1:12-CR-581
Gwin, J.

deportation in violation of 8 U.S.C. § 1326.[4/] He entered his plea without a plea agreement.

In advance of Espinoza-De La O's May 16, 2013, sentencing the defense filed a Sentencing Memorandum stating, "The Court can also consider the fast-track sentencing option that the Defendant exercised to avoid unwarranted disparity."[5/]

On May 21, 2013, the Pretrial Services & Probation Department filed its Pre-Sentence Report. The Pre-Sentence Report noted that "the following factor that may warrant a departure outside of the advisory guideline range of imprisonment: In this case, the Government agrees to motion the Court to depart downward a total of four (4) levels for the defendant's agreement to be placed in the Early Disposition (Fast Track) Program, pursuant to Guideline § 5K3.1."[6/]

On May 24, 2013, however, the Government filed its Sentencing Memorandum, stating "Defendant is not eligible for a downward departure from his total offense level under the Illegal Reentry Fast-Track Program in the Northern District of Ohio," due to his status as a prior serious violent felony offender.[7/]

On July 2, 2013, the Pretrial Services & Probation Department filed a Revised Pre-Sentence Report that made no reference to the Fast Track Program.[8/]

On July 23, 2013, Court sentenced Defendant Espinoza-De La O to 41 months of incarceration.[9/] No discussion of the Fast Track Program or a possible four-level downward departure occurred during the sentencing hearing.

---

[4/] Doc. 34.
[5/] Doc. 25 at 8.
[6/] Doc. 26 at 11.
[7/] Doc. 28 at 9-10.
[8/] Doc. 36.
[9/] Doc. 39.

Case No. 1:12-CR-581
Gwin, J.

On November 7, 2013, Defendant Espinoza-De La O moved under 28 U.S.C. § 2255 to vacate his conviction. Espinoza-De La O brings two claims for habeas relief saying (1) his counsel was ineffective for failing to secure a four-level downward departure for his agreement to participate in the Fast Track Program and (2) he was denied equal protection and due process when the Court did not apply that four-level downward departure to the Guidelines recommended range.[10] The Government opposes the motion.[11]

This motion is ripe for decision.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;
2) That the court was without jurisdiction to impose such sentence;
3) That the sentence exceeded the maximum authorized by law; or
4) That the sentence is otherwise subject to collateral attack.[12]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[13] And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,'

---

[10] *Id.*; Doc. 46.
[11] Doc. 45.
[12] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).
[13] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Case No. 1:12-CR-581
Gwin, J.

or, an error so egregious that it amounts to a violation of due process."[14]

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court.[15] A hearing is unnecessary if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[16] "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[17]

### III. Analysis

#### A. Ineffective Assistance of Counsel

Defendant Espinoza-De La O says that his counsel was deficient because the Defense Sentencing Memorandum did not request the Court impose a four-level downward departure for Defendant's agreement to be placed in the Fast Track Program, which had been referenced in the Pre-Sentence Report.[18] He says that this failure resulted in the Court imposing a longer sentence.[19]

This claim fails. To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test. First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[20] Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of

---

[14] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

[15] *Schriro v. Landigrand*, 550 U.S. 465, 473-74 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")

[16] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999).

[17] *Schriro*, 550 U.S. at 474.

[18] Doc. 41-1 at 3-4.

[19] *Id.*

[20] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Case No. 1:12-CR-581
Gwin, J.

reasonable professional assistance. . . ."[21]

Second, the movant must show that the deficient performance prejudiced the defense.[22] The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[23]

Defendant Espinoza-De La O's claim of ineffective assistance of counsel fails both prongs of the test. Defendant's counsel was not constitutionally ineffective in not requesting the four-level downward departure for the Fast Track Program because Defendant was not eligible for the Fast Track Program. "The determination whether a defendant satisfies the eligibility requirements for participation in the fast-track program, or whether a defendant is rendered ineligible based on one or more of the specified disqualifies, shall be made by the United States Attorney's Office alone."[24] Individuals who otherwise qualify for a downward departure under the Fast-Track Program are ineligible if "the defendant previously has been convicted of a serious violent felony . . . ."[25]

In 2005, Defendant was convicted of aggravated assault with a deadly weapon and aggravated battery with a deadly weapon – two felonies. Though the initial Pre-Sentence Report references the Government's agreement to move the Court for a four-level downward departure due to the Defendant's agreement to be placed in the Fast Track Program, the revised Pre-Sentence

---

[21] *Id.* at 689.
[22] *Id.* at 687.
[23] *Id.* at 694.
[24] General Order No. 2012-18: *Approval of the Illegal Reentry Fast-Track Program and Policy for the Northern District of Ohio* (March 2012).
[25] *Id.*

Case No. 1:12-CR-581
Gwin, J.

Report does not.[26] And, the Government's Sentencing Memorandum makes clear its position that Defendant Espinoza-De La O is not eligible for the program due to his previous conviction of a serious violent felony.[27]

Under these circumstances, defense counsel's decision to not specifically request the four-level downward departure and to not specifically raise the Fast Track Program at sentencing is reasonable.

For similar reasons, Defendant Espinoza-De La O cannot show prejudice from his counsel's conduct. Because Defendant was ineligible for the Fast Track Program and because Fast Track Program eligibility is determined solely by the Government, any request by defense counsel for the downward departure would not have made a difference.

**B.      The Court's Sentence Without the Four-Level Downward Departure**

Defendant Espinoza-De La O's equal protection and due process claims similarly fail. Because, as described above, Espinoza-De La O was not eligible for the Fast Track Program, he was not eligible for the four-level downward departure.

The Court ultimately imposed a lawful sentence,[28] and Defendant Espinoza-De La O understood that by pleading guilty he could receive such a sentence.[29]

---

[26] *Compare* Doc. 26 *with* Doc. 36.

[27] Doc. 28 at 9-10.

[28] The 41-month sentence the Court imposed was at the low end of the Guidelines range and well-within the statutory provision. *See United States v. Church,* 731 F.3d 530, 534 (6th Cir. 2013) (noting that a court's decision not to apply a downward departure is generally "considered unreviewable"); *United States v. Puckett,* 422 F.3d 340, 346 (6th Cir. 2005) (noting that a district court's decision not to impose a downward departure if "(1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was imposed 'for an offense for which there is no Sentencing Guideline and is plainly unreasonable'") (citations and internal quotation marks omitted).

[29] At his change of plea hearing, Espinoza-De La O stated he understood that he could be incarcerated at least 10, and up to 20, years.

-6-

Case No. 1:12-CR-581
Gwin, J.

Thus, Defendant's claim loses.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion under 28 U.S.C. § 2255. The Court further finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows that Espinoza-De La O is not entitled to habeas relief.[30] Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[31]

IT IS SO ORDERED.


Dated: March 6, 2014                          s/ *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[30] *See Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

[31] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).